UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

v.

WILLIAM E. GRAY, D.D.S. and
RICHARD W. BATES,

    Defendants.

CASE NO. C08-5447BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
AN EXTENSION

This matter comes before the Court on Plaintiff's Motion to Extend Time Limit for Service on Defendant Richard W. Bates (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2008, Plaintiff St. Paul filed a complaint for Declaratory Relief against Defendants Gray and Bates. Dkt. 1. Plaintiff claims that they have properly served Defendant Gray. On the other hand, Plaintiff claims that it has not perfected service upon Defendant Bates.

On July 25, 2008, Plaintiff's attorney, Toni Y. Anders, wrote to Defendant Bates's attorney, Steven C. Gish, and asked Mr. Gish to accept service on Defendant Bates's

ORDER - 1

behalf. Dkt. 16, Declaration of Toni Y. Anders, ¶ 2. Plaintiff claims that Mr. Gish never responded. *Id*.

On November 13, 2008, Plaintiff attempted service on Defendant Bates at 2913 Walnut in Port Angeles, Washington. *Id*. ¶ 4. Apparently, Defendant Bates provided this address in his deposition testimony for an underlying state court action. *Id.* Plaintiff failed to perfect service upon Defendant Bates at this address.

Plaintiff then conducted a public records search to find an address for Defendant Bates. Dkt. 17, Declaration of Kimberly Fergin, ¶ 2. According to Ms. Fergin's research, Defendant Bates resided at 41 W. Runnion in Carlsborg, Washington. *Id*. Plaintiff, however, failed to perfect service upon Defendant Bates at this address.

Finally, Plaintiff inquired whether Defendant Bates's new attorney, David M. Bendell, would accept service on Defendant Bates' behalf. On November 14, 2008, Ms. Fergin claims that she called Mr. Bendell and left a message asking him to accept service. *Id*. ¶ 3. Plaintiff claims that Mr. Bendell did not respond. *Id.* On January 22, 2009, Ms. Anders claims that she again called Mr. Bendell regarding service. *Id*. ¶ 6. Plaintiff claims that Mr. Bendell's outgoing voicemail message stated that his office was closed for medical reasons until February 2, 2009. *Id*.

## II. DISCUSSION

If a plaintiff shows good cause for its failure to perfect service within 120 days from initiation of the action, the court must extend the time limit for service. Fed. R. Civ. P. 4(m). In this case, Plaintiff has made multiple attempts to perfect service upon Defendant Bates. Plaintiff has attempted to serve him at the address that he provided in a recent deposition and at an address found through a public record search. Moreover, Plaintiff has contacted two of Defendant Bates' attorneys who have refused to accept service on his behalf. Plaintiff has been diligent, yet unsuccessful in its attempt to serve Defendant Bates. Therefore, Plaintiff has shown good cause for an extension of the period to perfect service upon Defendant Bates.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Extend Time Limit for Service on Defendant Richard W. Bates (Dkt. 15) is **GRANTED**. Plaintiff must either perfect service within 60 days from the date of this order or show cause, if any it has, why service has not been perfected within the additional 60 days.

DATED this 13th day of February, 2009.

                                                        BENJAMIN H. SETTLE
                                                        United States District Judge